22 C. C. P. A. (Patents)

## In re SCHMALZ.

Patent Appeal No. 3479.

Court of Customs and Patent Appeals.
May 27, 1935.

S. Jay Teller, of Hartford, Conn. (William A. Smith, Jr., of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner denying appellant's application for a patent for an alleged invention relating to a design for a bottle cap.

The claim is: "The ornamental design for a bottle cap as shown."

The references are: Delaize, Design 70,544, July 13, 1926; Budd, Design 75,409,

June 5, 1928; De Wagner, Design 86,013, January 19, 1932.

The patents to Delaize and De Wagner relate to ornamental designs for bottles, and each discloses a bottle cap of the same general contour, although not of the same design, as appellant's bottle cap.

The patent to Budd relates to a design for a cup, or similar article, the periphery of which, as stated by counsel for appellant, has "alternately arranged interengaging triangular facets."

In its decision affirming the decision of the Primary Examiner holding that appellant's design did not involve invention, the Board of Appeals, among other things, said:

"Applicant's bottle cap is of the type disclosed in the patents to Delaize and De Wagner but its peripheral edge portion instead of being ornamented in the manner disclosed in these patents has been provided with the type of ornamentation disclosed as used for the edge portion of the cup in the patent to Budd.

"Several design patents are mentioned in the brief as having been allowed by this Board and by the Court of Customs and Patent Appeals in which the distinctions over the prior art are alleged by appellant herein to have been of minor character. It is urged that the claim on appeal is likewise allowable over the cited art.

"Each particular case presents for consideration facts peculiar to itself and must be decided on its merits. It is our opinion that there clearly would be no invention in providing the caps of Delaize and De Wagner with the particular type of ornamentation disclosed in Budd."

It is argued by counsel for appellant that the Budd reference does not disclose "facets which are substantially vertical as in applicant's design, that there is no crowned top surface, and that there is no merging of flat substantially triangular facets with a crowned surface." It is frankly conceded, however, by counsel that the question of patentability should be determined not from a consideration of slight details of similarity or differences between applicant's design and the references, but rather from a consideration and comparison of applicant's design and the references in their entirety.

It has been established by appellant that the bottle cap, embodying the design in question, is commercially successful, and it is conceded by the Solicitor for the Patent Office that it is novel.

It may be, as argued by counsel for appellant, that there are some slight differences in the design on the periphery of the cup, as disclosed in the patent to Budd, and the design on the periphery of appellant's bottle cap. There is, however, certainly no substantial difference between them.

It seems obvious that a designer or artisan with the references before him would have little difficulty in producing appellant's design. It is true that some slight modifications of the references were required in order to produce it. However, such modifications are so slight as, in our opinion, to call for nothing more than the ordinary skill of the designer.

We are in entire accord with the conclusion reached by the tribunals of the Patent Office, and the decision of the Board of Appeals is affirmed.

Affirmed.